UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

STEVEN WALKER,

Plaintiff,

-against-

MARTIN GEORGE, Individually, MICHAEL PENNER, Individually, JOHN and JANE DOES 1 THROUGH 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

Plaintiff STEVEN WALKER, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States, arising from the failure of defendant New York State Corrections Officers employed by the New York State Department of Corrections and Community Supervision ("DOCCS") to protect him from an assault by other incarcerated individuals at Fishkill Correctional Facility on November 7, 2023, and from their deliberate indifference to his serious medical needs and failure to intervene thereafter.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth Amendment to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff STEVEN WALKER is a forty-four-year-old man currently living in Brooklyn, New York. As of the date of filing of this action, he is not incarcerated.

7. At all relevant times, plaintiff was an incarcerated individual at Fishkill Correctional Facility, a prison owned, operated, and controlled by the State of New York, in Beacon, New York.

8. MARTIN GEORGE was, at the relevant time, a corrections officer at Fishkill Correctional Facility.

9. MICHAEL PENNER was, at the relevant time, a corrections sergeant at Fishkill Correctional Facility.

10. JOHN and JANE DOES 1 through 10 were, at all relevant times, corrections officers and/or supervisory officers employed by DOCCS at Fishkill Correctional Facility, whose names are presently unknown to plaintiff, including those responsible for staffing, supervising, and monitoring the 21 Building stairway on November 7, 2023, and those responsible for plaintiff's custody and care following the assault described herein. Plaintiff will seek leave to amend this complaint to state their true names when they have become known.

11. That at all times hereinafter mentioned the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

**FACTS**

12. On November 7, 2023, at approximately 1:10 p.m., plaintiff was walking up the stairs in the 21 Building inside Fishkill Correctional Facility.

13. As plaintiff reached the second set of stairs, he was attacked from behind by several other incarcerated individuals, who, *inter alia*, slashed plaintiff repeatedly about the face and body with a cutting instrument.

14. During the assault, plaintiff fell backwards down approximately twenty stairs.

15. Upon information and belief, no DOCCS officer was posted in or monitoring the 21 Building stairway at the time of the attack.

16. Upon information and belief, the 21 Building stairway was a known, unmonitored blind spot within Fishkill Correctional Facility, which was known to DOCCS and deliberately disregarded by the defendants to be a dangerous location where incarcerated individuals could be assaulted outside the view of staff. For example, upon information and belief, on or about September 3, 2023, approximately two months before plaintiff was attacked, another incarcerated individual was slashed and required approximately 22 stitches.

17. Despite this knowledge, defendants failed to post officers in, monitor, or otherwise take reasonable measures to secure the 21 Building stairway, thereby exposing plaintiff to a substantial risk of serious harm.

18. After the fall, plaintiff, bleeding significantly, managed to walk to the defendant officer Martin George, who was posted at the entrance of the 21 Building near Walkway Delta, and told him, in sum and substance, that he had been attacked. At the time of the attack, defendant

George was deliberately disregarding the location of the incident, instead conducting a random pat frisk of another incarcerated individual at Checkpoint Delta when plaintiff approached him.

19. Defendant George hit his alarm and ordered plaintiff to stand against the wall, where plaintiff remained for approximately ten minutes waiting for medical attention, while still bleeding significantly from multiple open wounds. According to DOCCS records, defendant George called a medical emergency shortly after approximately 1:10 p.m., yet plaintiff did not arrive at the facility medical clinic until approximately 1:20 p.m., and was not examined until approximately 1:25 p.m.

20. Upon information and belief, during this time, rather than rendering aid to plaintiff, DOCCS officers, including officer defendants George and Penner, taunted plaintiff, saying, in sum and substance, that the other incarcerated individuals "got him good."

21. Defendant Penner, the area sergeant, responded to the scene and observed plaintiff standing against the wall and bleeding, yet, upon information and belief, failed to stop the taunting or to ensure that plaintiff promptly received medical care.

22. Plaintiff was eventually escorted to the facility medical clinic, where photographs were taken of his injuries, and his wounds were cleaned and bandaged with gauze. Facility medical staff documented multiple lacerations, including to plaintiff's right ear, right neck, right cheek, left mid-back, and left forehead.

23. Plaintiff was thereafter transported by state van to Montefiore St. Luke's Cornwall Hospital in Newburgh, New York.

24. At Montefiore St. Luke's Cornwall Hospital, plaintiff was diagnosed with complex lacerations of the face, neck, and ear, and a laceration of the back, including a 9 cm laceration to his right cheek, which was closed with 17 sutures, a 4 cm laceration to his right lateral neck, which

was closed with 5 sutures, a 5 cm laceration through the dermis to his right posterior neck near his hairline, which was closed with 7 sutures, a 0.5 cm laceration to his right ear, which was closed with tissue adhesive, a 6 cm linear laceration from his left forehead down to his eyebrow, which was closed with tissue adhesive, and a 10 mm laceration to his upper back beneath his left scapula, which was closed with tissue adhesive. In all, plaintiff's wounds required 29 sutures.

25. After returning to Fishkill Correctional Facility, plaintiff was placed in involuntary protective custody, where he was subjected to unsanitary conditions and was forced to remain in bloody clothes until on or about November 11, 2023.

26. Plaintiff was thereafter moved to another cell, before being transferred out of Fishkill Correctional Facility, and eventually, to Wallkill Correctional Facility.

27. Plaintiff was not provided necessary and timely follow-up wound care. Upon discharge from Montefiore St. Luke's Cornwall Hospital on November 7, 2023, plaintiff was instructed that his stitches were not to be removed on his own and that he would need to return to have them removed. On November 17, 2023, plaintiff submitted a written grievance, later assigned Grievance No. 0389-23, stating that the emergency room doctor had advised that his wounds needed to be covered, that he needed antibiotics, and that his stitches needed to be removed in seven to ten days, and that he had received none of this recommended treatment and his stitches were still in. Upon plaintiff's arrival at Wallkill Correctional Facility on November 21, 2023, two weeks after the assault, DOCCS medical staff noted that plaintiff still required removal of his sutures.

28. Defendants MARTIN GEORGE, MICHAEL PENNER, and JOHN and JANE DOES 1 through 10 were present for and involved in the conduct described herein, or failed to intervene despite being aware that plaintiff's constitutional rights were being violated.

29. Plaintiff sustained, without limitation, the following injuries: complex lacerations to his face, neck, and ear, and a laceration to his back, requiring 29 sutures and tissue adhesive closure, pain and suffering, and emotional distress.

30. The defendant DOCCS officers who witnessed the illegal or otherwise improper conduct by their fellow officers had an affirmative duty to intercede to stop any such misconduct being committed in their presence yet failed to do so.

31. All of the aforementioned acts deprived plaintiff STEVEN WALKER of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as DOCCS correctional officers, with the entire actual and/or apparent authority attendant thereto.

33. As a result of the foregoing, plaintiff STEVEN WALKER sustained, inter alia, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deliberate Indifference to Safety and Serious Medical Needs under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants GEORGE and PENNER, and JOHN and JANE DOES 1 through 10, knew that the 21 Building stairway was an unmonitored blind spot that posed a substantial risk of serious harm to incarcerated individuals, including plaintiff.

36. Defendants acted with deliberate indifference to that risk by failing to take reasonable measures to abate it, including by failing to post officers in, monitor, or otherwise secure the 21 Building stairway.

37. As a result of the foregoing, plaintiff STEVEN WALKER was assaulted by other incarcerated individuals and sustained physical and emotional injuries, in violation of his rights under the Eighth Amendment.

38. Defendants further knew of and disregarded an excessive risk to plaintiff's health and safety by, *inter alia*, leaving plaintiff to stand against a wall bleeding from multiple open wounds for approximately ten minutes while taunting him rather than rendering aid, and by failing to provide plaintiff with necessary and timely follow-up wound care, including the timely removal of his sutures.

39. As a result of the foregoing, plaintiff STEVEN WALKER suffered pain and suffering, and emotional distress.

40. As a result of the foregoing, plaintiff STEVEN WALKER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiff STEVEN WALKER, whose constitutional rights were being violated in their presence, including through

the delay and denial of medical care and the taunting described herein.

43. The defendants failed to intervene to prevent the unlawful conduct described herein.

44. As a result of the foregoing, plaintiff STEVEN WALKER was denied prompt medical care, was taunted while bleeding from his wounds, was subjected to unsanitary conditions of confinement, and sustained physical and emotional injuries.

45. As a result of the foregoing, plaintiff STEVEN WALKER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff STEVEN WALKER demands judgment and prays for the

following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
November 7, 2026

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff
STEVEN WALKER
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132

By: Brett Klein
___________________________
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

STEVEN WALKER,

Plaintiff,

-against- Index No.

MARTIN GEORGE, Individually, MICHAEL PENNER, Individually, JOHN and JANE DOES 1 THROUGH 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132